# CIRCUIT COURT OF WESTMORELAND COUNTY

Rene Smits

v.

Lutrisha A. Musselman

August 30, 2013

Case No. CL12000057-00

BY JUDGE J. OVERTON HARRIS

Before the court is Defendant's Motion for Summary Judgment. The court heard argument on August 1, 2013, and took the matter under advisement. Following a thorough review of the pleadings and the law, the court finds as follows.

## I. *Background*

This case stems from an incident occurring on June 26, 2009. On July 5, 2009, Defendant made a complaint to the police about the incident. Defendant was interviewed by a police officer and also gave a written statement. After a police investigation, the case was presented to a grand jury which returned an indictment, and, on April 8, 2010, Plaintiff was tried before a jury. The jury returned a "not guilty" verdict.

Those circumstances led to the current malicious prosecution action. Now, Defendant has made a Motion for Summary Judgment.

## II. *Rule of Law*

The issue at hand is whether the grand jury's finding of probable cause insulates the Defendant from liability as a matter of law.

Summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Virginia Rule 3:20. All reasonable inferences are to be made in favor of the non-moving party.

The tort of malicious prosecution has four elements. *Jones v. Edwards*, 82 Va. Cir. 142, 144 (2011). The prosecution must be (1) malicious, (2) instituted by or with cooperation of the Defendant, (3) without probable

cause, and (4) terminated in a manner not unfavorable to the Plaintiff. *Id.* If, taking all the evidence in the light most favorable to the non-moving party, each element is undisputed then summary judgment would be appropriate. Case law defines "probable cause" as, "knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *O'Connor v. Tice*, 281 Va. 1, 9, 704 S.E.2d 572 (2011). The finding of probable cause by a magistrate or grand jury is not dispositive; rather, it is merely pertinent evidence. *Bennett v. R & L Carriers Shared Servs., L.L.C.*, 744 F. Supp. 2d 494, 519 (2010). Furthermore, if an individual institutes an action for an improper purpose then a finding of probable cause by a magistrate or grand jury will not insulate that individual from malicious prosecution. *O'Connor*, 281 Va. 1 at 8-9, 704 S.E.2d 572.

### III. *Analysis*

Summary judgment is only appropriate when there is no genuine issue of material fact in dispute. Two of the four elements are not in dispute; there was cooperation of the Defendant in instituting the action and the action was terminated in the Plaintiff's favor. Defendant argues, because the grand jury found probable cause, the third element fails *per se*. However, case law indicates, while it is always pertinent, and perhaps convincing, a magistrate or grand jury finding of probable cause is not always dispositive as to the probable cause element in malicious prosecution. Plaintiff's argument centers on his allegation Defendant did not truthfully report to the police investigator and thus the finding of probable cause by the grand jury, being based at least in part on that untruthful report, does not insulate her from liability. Defendant argues she was truthful and there were additional grounds for establishing probable cause. Because there is a genuine dispute over whether Defendant was being "truthful" in her report to the police and thus whether there was sufficient factual basis to support the grand jury's finding of probable cause, summary judgment is not appropriate.

### IV. *Conclusion*

For the reasons articulated in this letter opinion, Defendant's Motion for Summary Judgment is denied.